United States District Court
Southern District of Texas
**ENTERED**
July 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARIES BUILDING SYSTEMS, LLC, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19-CV-3307 |
| VANGUARD UNIVERSITY OF SOUTHERN CALIFORNIA, | § § § § | |
| Defendant. | § § | |

## ORDER

Before the Court are Plaintiff's Motion for Partial Summary Judgment (the "Motion") (Doc. #18), Defendant's Response (Doc. #19), and Plaintiff's Reply (Doc. #20). Having reviewed the parties' arguments and applicable legal authorities, the Court grants the Motion.

**I.  Background**

Vanguard University of Southern California ("Defendant") entered into a Commercial Sales Agreement (the "Agreement") with Aries Building Systems, LLC ("Plaintiff") for the purchase, installation, and setup of a "60x72 Modular Office building" (the "Building"). Doc. #8 ¶ 8; *Id.*, Ex. 1 at 1. Pursuant to the Agreement, Plaintiff was to commence work on October 18, 2019, substantially complete the work by December 5, 2018, and finish by February 3, 2019. *Id.*, Ex. 1 at 2; Doc. #19, Ex. 1 ¶ 3. The Agreement, which named Defendant as "Buyer" and Plaintiff as "Seller," included the following waiver (the "Waiver"):

> 6. WAIVER OF CLAIMS. Buyer hereby waives and releases all claims against Seller for (i) loss of or damage to all property, goods, wares and merchandise in, upon or about the Equipment and (ii) injuries to Buyer, Buyer's agents and third persons. Seller shall not be liable for any consequential, incidental, or special damages of any kind (including, but not limited to damages for loss of use or of profit by Buyer or any other party; or for any collateral damages), whether or not caused or continued by Seller's negligence or delay, which may result from or arise

> in connection with the manufacture, delivery, installation, checkout or use of the Equipment or in connection with the services rendered by Seller hereunder.

Doc. #18, Ex. 1 at 4. The parties executed at least two "Change Orders" in February and March of 2019 that altered the work to be done under the Agreement. Doc. #8, Ex. 2. Though the parties dispute the cause of the delay, Plaintiff did not deliver the Building until May 30, 2019—still incomplete and exhibiting "numerous defects." Doc. #19, Ex. 1 ¶ 4. Both parties allege that the other breached the Agreement, with Plaintiff claiming that it is owed $350,082.39 plus sales tax and Defendant claiming "at least $407,567.00" in damages proximately caused by Plaintiff's conduct. Doc. #8 ¶¶ 18, 19; Doc. #12 ¶ 21. Defendant further claims that Plaintiff "has caused additional damages in an amount yet to be determined resulting from cancelation of spring and summer semesters, loss of tuition, related increased cost of faculty, and the inability to use the Building as the parties intended." Doc. #12 ¶ 21.

Plaintiff initiated this action against Defendant on August 30, 2019 and filed its Second Amended Complaint ("Amended Complaint") on December 30, 2019, asserting claims for breach of contract and conversion. Doc. #1, Doc. #8. Defendant asserts two counterclaims against Plaintiff for breach of contract and negligence and negligent performance of contract. Doc. #12. The Court previously granted Defendant's Motion to Dismiss Plaintiff's claim for conversion as barred by the economic loss rule. Doc. #24. Plaintiff now moves for partial summary judgment on Defendant's counterclaims for consequential damages, negligence, and negligent performance of contract, arguing, among other reasons, that Defendant contractually waived any claim to consequential damages caused by delay and that the economic loss rule bars Defendant's counterclaims for negligence and negligent performance of contract. Doc. #18 ¶¶ 1, 2.

## II. Legal Standard

Summary judgment is proper if the movant demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. "A genuine dispute as to a material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Rogers v. Bromac Title Services, L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (citation omitted). "The evidence and all inferences must be viewed in the light most favorable to the non-movant." *Rose v. Select Portfolio Servicing, Inc.*, 945 F.3d 226, 228–29 (5th Cir. 2019). However, "[u]nsubstantiated assertions" and "conclusory allegations are not competent summary judgment evidence and are insufficient to overcome a summary judgment motion." *Hugh Symons Grp., PLC v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002).

## III. Analysis

### a. Waiver of Consequential Damages

Plaintiff first argues that the Waiver included in the Agreement precludes Defendant from recovering consequential damages, including the cancelation of spring and summer semesters, loss of tuition, increased faculty costs, and loss of use of the Building. Doc. #18 ¶ 9. Like any other provision of a contract, unambiguous waiver provisions "are construed as a matter of law." *Pratt-Shaw v. Pilgrim's Pride Corp.*, 122 S.W.3d 825, 829 (Tex. App.—Dallas, 2003) (citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)). Courts "give terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense." *Id.* (citing *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex.1996)). "A contractual breach may give rise to either 'direct' or 'consequential' damages. . . . [C]onsequential damages result naturally, but not necessarily, from the defendant's breach, and are not the usual result of the wrong." *Dallas/Fort Worth Int'l Airport Bd. v. Vizant Techs., LLC*, 576 S.W.3d 362, 373 (Tex. 2019) (cleaned up). Consequential damages "require the existence of some other fact

3

(known or unknown) beyond the relationship between the parties." *Powell Elec. Sys., Inc. v. Hewlett Packard Co.*, 356 S.W.3d 113, 119 (Tex. App.—Houston [1st], 2011). Additionally, "all actual damages must be foreseeable in order to be recoverable, regardless of whether the damages are direct or consequential." *Kiewit Offshore Servs., Ltd. v. Dresser-Rand Glob. Servs., Inc.*, No. CV H-15-1299, 2016 WL 4564472, at *8 (S.D. Tex. Sept. 1, 2016), *aff'd*, 756 F. App'x 334 (5th Cir. 2018) (citations omitted).

In opposition to summary judgment, Defendant first argues there is a genuine issue of material fact regarding the enforceability of Agreement, including the Waiver, because both parties allege that the other committed an initial material breach. Doc. #19 at 3. While Defendant is correct that materiality is typically a question of fact, a finding of a material breach only discharges or excuses the other party "from further performance." *Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.*, 518 S.W.3d 432, 436 (Tex. 2017). "A duty under the same contract is not affected if it was not one to render a performance to be exchanged under an exchange of promises. [O]nly duties to render performance are affected." *Allied Cap. Partners, LP v. Proceed Tech. Res., Inc.*, 313 S.W.3d 460, 465 (Tex. App.—Dallas, 2010) (cleaned up) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 237 cmt. e). As such, the Waiver provision remains in effect regardless of which party made an initial material breach.

Defendant next argues that the Court should not enforce the Waiver because "it is so grossly one sided and against public policy" that it is unconscionable. Doc. #19 ¶ 20. "Unconscionability has no precise legal definition, but is instead a totality-of-the-circumstances determination." *Ridge Nat. Res., L.L.C. v. Double Eagle Royalty, L.P.*, 564 S.W.3d 105, 131 (Tex. App.—El Paso, 2018). "Unambiguous contracts, however, are presumed to reflect the intent of the contracting parties and are generally enforced as written regardless of whether one or more of the parties contracted wisely or foolishly, or created a hardship for himself." *Venture Cotton Co-*

4

*op. v. Freeman*, 435 S.W.3d 222, 228 (Tex. 2014) (citation omitted). Defendant does not allege that the Waiver is ambiguous, offer any evidence or arguments regarding the circumstances when the Agreement was executed, or offer a single case where a waiver of consequential damages was found to be unconscionable. Doc. #19 ¶¶ 20–25. Conversely, courts routinely enforce consequential damages waivers, with the Fifth Circuit holding nearly forty years ago that "whenever the parties have, as here, excluded consequential damages by agreement, the court must be careful to limit the damage award to the difference-in-value component of the contract claim and must not include damages for that which would otherwise be compensable as consequential losses." *Reynolds Metals Co. v. Westinghouse Elec. Corp.*, 758 F.2d 1073, 1079 (5th Cir. 1985). As such, the Court finds that Defendant has failed to meet its burden to prove unconscionability.[1]

Finally, Defendant argues that summary judgment is not proper because the damages at issue are not consequential damages. Doc. #19 at ¶¶ 12–15. The damages at issue are: 1) the loss of the use of the Building, 2) the cancelation of spring and summer semesters, 3) loss of tuition, and 4) increased faculty costs. Doc. #18 ¶ 9. The Agreement states that "Seller shall not be liable for any consequential . . . damages of any kind (including, but not limited to damages for loss of use . . . by Buyer or any other party . . . ), whether or not caused or continued by Seller's negligence or delay." Doc. #18, Ex. 1 at 4. The Court finds that the "plain, ordinary" meaning of the Waiver precludes recovery for the loss of the use of the Building. *See Pratt-Shaw*, 122 S.W.3d at 829. As for the damages caused by canceled semesters, lost tuition, and increased faculty costs, all three categories "require the existence of" facts "beyond the relationship between the parties," including

---

[1] Plaintiff also argues that Defendant's affirmative defense of unconscionability is untimely because Defendant did not plead in its answer or counterclaim that the Waiver or Agreement was unconscionable. Doc. #20 ¶ 7. In response, Defendant filed a Motion for Leave to amend its answer to include unconscionability as an affirmative defense, which Plaintiff opposed. Doc. #21 and Doc. #22. Because the Court finds that Defendant has failed to prove unconscionability, Defendant's Motion for Leave is DENIED as moot.

demand and capacity for classes and Defendant's third-party relationships with its students and faculty. *See Powell Elec. Sys., Inc.*, 356 S.W.3d at 119. As such, the Court finds that the Waiver precludes recovery for the loss of the use of the Building, the cancelation of spring and summer semesters, loss of tuition, and increased faculty costs.

According, the Court grants the Motion as to said damages.

### b. Negligence and Negligent Performance of a Contract

Plaintiff also argues that the economic loss rule bars Defendant's counterclaims for negligence and negligent performance of a contract. Doc. #18 at 7. Under Texas's economic loss rule, when a plaintiff's "injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone" and "no duty in tort exists." *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008) (internal quotations omitted). "In operation, the rule restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence." *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 177–78 (5th Cir. 2016). However, the rule does not apply when the allegedly breached duty "is independent of any obligation undertaken in" the contract "and the damages allegedly caused by the breach of that duty extend beyond the economic loss of any anticipated benefit under the [] contract." *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718–19 (Tex. 2014).

Here, the anticipated benefit of the Agreement was a set-up and installed Building. Doc. #18, Ex. 1 at 1 ("Buyer agrees to purchase from Seller one or more modular and/or pre-fabricated structures ('Building(s)') and to have the set-up and installed ('Work') [sic] as detailed more particularly as follows."). Defendant's counterclaims allege that Plaintiff's negligence and negligent performance of the Agreement proximately caused the following damage:

6

- "physical damages to the Building," Doc. #12 ¶ 20;
- $407,567.00 "directly resulting from the incomplete and defective building," *id.* ¶ 11;
- cancelling "the spring and summer classes for which the Building was intended" due to Plaintiff's "failure to perform in accordance with the Contract's required and agreed upon completion deadlines," *id.* ¶ 12;
- the Building being "permanently damaged," *id.* ¶ 13; and
- inability to move or repurpose the Building as originally intended due to "the myriad defects and necessary repairs," *id.* ¶ 15.

Defendants do not allege or offer evidence of any other damage proximately caused by Plaintiff's alleged negligence. *See id.*; Doc. #19. As such, Defendant has failed to allege, let alone offer evidence of, damages that "extend beyond the economic loss of [the] anticipated benefit of" the Agreement—the Building. *See Chapman Custom Homes*, 445 S.W.3d at 718–19.

Accordingly, the Court finds that the economic loss rules bars Defendant's counterclaims for negligence and negligent performance of a contract and grants the Motion as to said claims.

## IV. Conclusion

In conclusion, the Court finds that Defendant waived its right to damages based on the loss of the use of the Building, the cancelation of spring and summer semesters, loss of tuition, and increased faculty costs. The Court further finds that Defendant's counterclaims for negligence and negligent performance of a contract is barred by the economic loss rule. For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is GRANTED. Defendant's counterclaim for breach of contract and direct damages remains.

It is so ORDERED.

JUL 1 4 2021
Date

The Honorable Alfred H. Bennett
United States District Judge